UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>BRANDON SCOTT WOODLEY ) | No. 3:15-CR-143 |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the defendant's May 2020 *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [doc. 126], as supplemented [docs. 128-130, 138]. Also before the Court are the defendant's motions to amend his request for compassionate release [docs. 132, 134] and his motion for appointment of counsel [doc. 132]. The United States has responded in opposition. [Doc. 137]. For the reasons stated below, the defendant's motions to amend will be granted, his motion for appointment of counsel will be denied, and his motion for compassionate release will be denied and dismissed without prejudice.

### I. BACKGROUND

In December 2016, the defendant was convicted of being a felon in possession of ammunition. In July 2017, the Court imposed a prison sentence of 120 months in this case. According to the Bureau of Prisons ("BOP"), the defendant is presently incarcerated at USP Lewisburg with a scheduled release date of July 19, 2025. *See* Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited July 21, 2020).[1]

---

[1] The defendant informs the Court that he was formerly housed at FCI Estill. [Docs. 126, 131].

The defendant moves for immediate compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018. Citing the current COVID-19 pandemic, he asks for release based on various health conditions and family concerns. The defendant also asks that an attorney be appointed to assist him in pursuing relief.

## II. DISCUSSION

### A. Compassionate Release

Section 3582(c)(1)(A)(i) allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." That statute, as amended by the First Step Act of 2018, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A). Prior to the First Step Act, a motion for compassionate release could only be brought by the BOP Director, not a defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for compassionate release after first asking the BOP to file such a motion on his behalf. *See, e.g., United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).

It is a defendant's burden to show that he has exhausted his administrative remedies under § 3582(c)(1)(a)(i). *See United States v. McDonald*, No. 94-cr-20256-1, 2020 WL 3166741, at *3 (W.D. Tenn. June 8, 2020). According to the instant defendant, he

> has exhuasted [sic] all other possible remedies in regard to his request for compassionate release, which includes his most recent petition to the warden at FCI-Estill. However, dispite [sic] Mr. Woodleys' [sic] efforts to remedy his situation (before his request reached the courts) he has been unsuccessful in establishing a line of communication with the necessary authorities, as it has been more then [sic] 30 days since his last request for compassionate release and . . . Mr. Woodley is still without a response.

[Doc. 126, p. 3]. Beyond that statement, the defendant has provided no documentation showing that he has in fact asked the BOP to file a compassionate release motion on his behalf. Conversely, attached to the United States' response are emails from a staff member at each of the defendant's current and former BOP facilities stating that no such request from the defendant is on file. [Doc. 137].

On the evidence before it, the Court finds that the defendant has not exhausted his administrative remedies. Section 3582(c)(1)(A)(i)'s exhaustion requirement "remains a mandatory condition." *Alam*, 960 F.3d at 833. The defendant's request for compassionate release must therefore be denied without prejudice. *Id.* at 836.

### B. Appointment of Counsel

There is no constitutional right to counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."); *Foster v. United States*, 345 F.2d 675, 676 (6th Cir. 1965) (holding that the constitutional right to counsel does not extend to collateral proceedings). A district court has *discretion*, under 18 U.S.C. § 3006A(a)(2), to

3

appoint counsel when "the interests of justice so require." In exercising discretion as to whether to appoint counsel, a court should consider several factors, including the nature of the case, whether the issues are legally or factually complex, and the litigant's ability to present the claims for relief to the court. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).

At this point, the compassionate release arguments presented to the Court do not appear complex, beyond the capability of an ordinary *pro se* litigant, or unfamiliar to the Court in any way. The defendant's request for appointment of counsel will accordingly be denied.

## III. CONCLUSION

For the reasons stated herein: the defendant's motions to amend [docs. 132, 134] are **GRANTED**; his request for appointment of counsel [doc. 132] is **DENIED**; and his motion for compassionate release [doc. 126] is **DENIED** without prejudice.

Should the defendant again move for compassionate release upon the documented exhaustion of his administrative remedies, he need not refile all of the documents cited in this memorandum. Instead, to save him copying and postage expense, he may instead simply incorporate those documents into his new filing by express reference.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge