UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:15-CR-143 |
| | ) | |
| BRANDON SCOTT WOODLEY | ) | |

**MEMORANDUM AND ORDER**

By memorandum and order entered July 21, 2020 [doc. 139], this Court denied with leave to renew the defendant's 18 U.S.C. § 3582(c)(1)(A) *pro se* motion for compassionate release [doc. 126], as supplemented [docs. 128-130, 132, 134, 138], due to the defendant's failure to exhaust administrative remedies. Now before the Court are the defendant's renewed compassionate release motions [docs. 140, 143, 152], as supplemented [doc. 149]. The United States has responded in opposition [doc. 144], and the defendant has submitted a reply [doc. 150].

The matter is now ripe for the Court's consideration. For the reasons stated below, the defendant's motions for compassionate release will be denied.

**I.    BACKGROUND**

In December 2016, a jury convicted the defendant of being a felon in possession of ammunition. That conviction stemmed from the defendant's shooting of another person. [Presentence Investigation Report ("PSR"), doc. 101, ¶¶ 6-19, 25]. In July 2017, this Court imposed a guideline prison sentence of 120 months in this case. According to the Bureau of Prisons ("BOP"), the defendant is presently incarcerated at USP Lewisburg with a scheduled

release date of July 19, 2025. *See* Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Dec. 8, 2020).

## II. COMPASSIONATE RELEASE

Section 3582(c)(1)(A)(i) of Title 18, United States Code, allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." That statute, as amended by the First Step Act of 2018, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons ["BOP"], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A)(i). Prior to the First Step Act, a motion for compassionate release could only be brought by the BOP Director, not a defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for compassionate release after first asking the BOP to file such a motion on his behalf. *See, e.g., United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).

The United States Sentencing Commission has promulgated a policy statement regarding compassionate release under § 3582(c), which is found at U.S.S.G. § 1B1.13 and the accompanying application notes. District courts in this circuit have generally turned to

2

U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction but, as of November 20, 2020, are no longer to do so, at least as to compassionate release motions filed by defendants (rather than by the BOP). *See United States v. Jones*, ___ F.3d ___, 2020 WL 6817488, at *7 (6th Cir. Nov. 20, 2020) (Guideline 1B1.13 "is not an 'applicable' policy statement when an imprisoned person files a motion for compassionate release.").[1] "District courts should [still] consider all relevant § 3553(a) factors before rendering a compassionate release decision." *Id.* at 11.

### A. Exhaustion

The defendant has now provided documentation that he submitted a compassionate release request to the BOP on July 27 or 29, 2020. [Doc. 143]. The United States nonetheless argues that the defendant's motions should again be denied without prejudice because he did not wait the required 30-day period before renewing his motion for compassionate release in this Court. [Doc. 144, p. 8-9].

For the sake of judicial economy, and in deference to the defendant's *pro se* status, the Court will construe the defendant's September 28, 2020 "Motion to (Renew or) Amend Renewed Motion for Compassionate Release Under 18 U.S.C. 3582(c)(1)(A)(i)" [doc. 152] as a motion for compassionate release that was filed after the expiration of the statutory exhaustion period. The Court thus finds that it has authority under § 3582(c)(1)(A) to address the instant motion. *See Alam*, 960 F.3d at 832.

---

[1] The parties in this case have not addressed any guideline policy statement other than § 1B1.13.

3

Case 3:15-cr-00143-RLJ-HBG   Document 154   Filed 12/11/20   Page 3 of 8   PageID #: 6077

B. Merits

In the memorandum and order denying the original compassionate release motion, the undersigned advised the defendant that he would not need to resubmit his prior filings were he to renew his request for compassionate release. Instead, those earlier documents could be incorporated by reference. [Doc. 139]. Thus, the Court construes the following grounds as having been raised by the defendant in support of compassionate release: the COVID-19 pandemic, bronchitis, and his rehabilitative efforts [doc. 126]; the health of his mother and stepfather [docs. 128, 130]; the health of his aunt [doc. 129]; asthma, history of smoking, and immune system-compromising effects of asthma medications [doc. 132, 138, 150]; and a First Step Act of 2018 "catch all provision" which purportedly renders his sentence "substantively unreasonable" [doc. 140].

Consistent with § 3582 and the Sixth Circuit's directive, this Court has considered the defendant's arguments and the broader facts of this case in light of the pertinent § 3553(a) factors. Pursuant to 18 U.S.C. § 3553(a),

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider –
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>   (B) to afford adequate deterrence to criminal conduct;
>
>   (C) to protect the public from further crimes of the defendant; and

4

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement—

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

5

Case 3:15-cr-00143-RLJ-HBG   Document 154   Filed 12/11/20   Page 5 of 8   PageID #: 6079

The COVID-19 pandemic cannot alone justify compassionate release. *See, e.g., United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility . . . , whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release."); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]").

BOP medical records show that the defendant has asthma. [Doc. 134]. He has also been diagnosed with hyperlipidemia, bipolar disorder, and major depressive disorder. [*Id.*]. For all these conditions, the BOP provides him with medication. [*Id.*]. BOP medical records from October 29, November 5, and December 26, 2019, describe him as being "in no acute distress." [*Id.*]. As of October 29, 2019, his asthma was "stable and controlled" with medication. [*Id.*]. The BOP's SENTRY Report categorizes the defendant as Care Level 2. "Care Level 2 inmates are stable outpatients who require clinician evaluations monthly to every 6 months. Their medical . . . conditions can be managed through routine, regularly scheduled appointments with clinicians for monitoring. Enhanced medical resources, such as consultation or evaluation by medical specialists, may be required from time to time." *See* http://www.bop.gov/resources/pdfs/care_level_classification_guide.pdf (last visited Dec. 8, 2020). On the record presented, the Court does not find extraordinary and compelling medical grounds for compassionate release.

Turning to the nature and circumstances of the instant offense and the defendant's history and characteristics, in this case the defendant possessed ammunition as a previously convicted felon and he intentionally shot someone. [Doc. 101, ¶ 6]. This case was the defendant's *second* federal felon in possession prosecution. [*Id.*, ¶ 44]. His criminal conduct in this case occurred while he was still on supervised release for the earlier federal offense. [*Id.*]. There is also a history of drug dealing. [*Id.*, ¶¶ 42, 44]. The defendant's daily substance abuse dates back to age 13. [*Id.*, ¶ 60].

The Court admires the defendant's concern for the health of his family members, but compassionate release will not be granted on that basis. The Court notes that the defendant's mother has been disabled for quite some time [*id.*, ¶ 55], but that issue did not prevent his criminal conduct in this case.

On a positive note, the SENTRY Report shows that the defendant has taken several vocational and educational courses. There have been three minor disciplinary infractions but none in the last three years. The Court encourages the defendant to stay on that rehabilitative path.

Lastly, the defendant's argument that the First Step Act's unidentified "catch all provision" renders his sentence "substantively unreasonable" is underdeveloped to the point of having been waived. Suffice it to say the defendant received what was (and remains) a sentence which does not exceed the statutory maximum for his offense of conviction. The Court deemed that sentence reasonable and not greater that necessary in 2017 and views it the same way today. More than four years of actual time remains on that sentence.

Having considered the relevant § 3553(a) factors, the facts of this case, the defendant's history and characteristics, and the arguments raised in the instant motion, the Court does not find extraordinary and compelling reasons justifying the requested compassionate release. That relief in this case would not reflect the seriousness of the instant offense, would not promote respect for the law or provide just punishment, and would not afford adequate deterrence or protect the public from future crimes of the defendant. For these reasons, his motions will be denied.

### III. CONCLUSION

As provided herein, the defendant's *pro se* renewed compassionate release motions [docs. 140, 143, 152] are **DENIED**.

    **IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge